UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN URBANAWIZ,

        Petitioner,        Case No. 2:11-cv-453

v.        HON. GORDON J. QUIST

ROBERT NAPEL,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner, Brian Urbanawiz, pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss this action as barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced in June 2004, after pleading guilty to criminal sexual conduct. Petitioner filed a delayed application for leave to appeal which was denied on October 13, 2005. Petitioner's late application for leave to appeal was rejected on December 13, 2005, as untimely because it was not filed within 56 days after the Michigan Court of Appeals decision and never properly filed in the Michigan Supreme Court.

Petitioner filed a motion for relief from judgment in the trial court on October 10, 2006. Petitioner filed an appeal to the Michigan Court of Appeals, before the trial court issued an opinion, which was rejected for lack of jurisdiction. The trial court denied the motion on February 17, 2009. Petitioner filed a delayed application for leave to appeal the trial court's order in February 2010. The application was dismissed as untimely on April 22, 2010. On June 24, 2010, the court

denied petitioner's motion for reconsideration. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on November 22, 2010. Petitioner's habeas petition, dated November 11, 2011, was filed in this court on November 16, 2011.

The Michigan Court of Appeals denied petitioner's delayed application for leave to appeal on October 13, 2005. Petitioner had 56 days, under MCR 7.302(C)(2), to file leave for appeal to the Michigan Supreme Court. Petitioner failed to file a proper application for leave to appeal during this time period. The statute of limitations period began to run on December 9, 2005, after expiration of the 56 day period to appeal. Petitioner had one year from this date to file his petition for writ of habeas corpus in this court, or take some action during that time period which could toll the statute of limitations period.

Petitioner filed a motion for relief from judgment after 305 days of the limitations period had run on October 10, 2006. Petitioner's motion for relief from judgment was denied on February 17, 2009. Petitioner failed to file proper appeals of the denial of that motion in the Michigan appellate courts. The Michigan Supreme Court denied petitioner's application for leave to appeal on November 22, 2010. The petition for writ of habeas corpus was filed on November 16, 2011, well after the limitation period had expired. The petition for writ of habeas corpus was clearly filed well outside the statute of limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon*

*Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations.

Therefore, it is recommended that respondent's motion for summary judgment (Docket #8) be granted and the petition be dismissed.  It is further recommended that petitioner's motion for an evidentiary hearing (Docket #29) and motion for appointment of counsel (Docket #28) be denied.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 28, 2012

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).