UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN URBANAWIZ,

    Petitioner,

v.                             Case No. 2:11-CV-453

ROBERT NAPEL,            HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 28, 2012, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that Respondent's Motion for Summary Judgment be granted on the basis that Petitioner's petition for writ of habeas corpus is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d)(1)(A). The magistrate judge concluded that Petitioner filed his petition "well outside" the limitations period and that Petitioner has not raised equitable tolling as a basis for saving his untimely petition. (R & R at 3–4.)

Petitioner has filed Objections to the R & R, in which he asserts that he is entitled to relief on his claims but fails to address the one-year statute of limitations.

After conducting a *de novo* review of the R & R, as well as Petitioner's Objections, the Court concludes that the R & R should be adopted.

As noted above, Petitioner argues that his claims have merit, but he fails to address either the one-year limitation period or equitable tolling, other than asserting that the magistrate judge "falsely assert [sic] that an arbitrary statute may have been violated." (Objection at 2.) The magistrate judge correctly determined that Petitioner's petition is barred by the one-year statute of

limitations and that Petitioner is not entitled to equitable tolling. Petitioner offers nothing in his Objections to undermine these conclusions. Therefore, the Court will dismiss the petition as untimely.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 28, 2012 (docket no. 31) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment (docket no. 8) is **GRANTED**, and Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is DENIED.

This case is **concluded**.


Dated: January 22, 2013                              /s/ Gordon J. Quist
                                                                                  GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE